### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JOHANNA DABBS,<br><br>    Plaintiff,<br><br>vs.<br><br>(1) SHELTER MUTUAL INSURANCE COMPANY aka SHELTER MUTUAL INSURANCE CO. and<br>(2) WYMAN WEST, Agent,<br><br>    Defendant. | Case No. CIV-15-148-D |

### NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §1441, Defendant Shelter Mutual Insurance Company (Shelter), hereby removes the state court action <u>Johanna Dabbs v. Shelter Mutual Insurance Company</u>, in the District Court of Garfield County Oklahoma, CJ-2014-181 to this Court. Pursuant to Local Rule 81.2(a), a copy of the state docket sheet as well as all documents filed in the state court action are attached hereto as Exhibits 1 and 2.

This case became removable on January 23, 2015, upon Plaintiff's initial service of her Summons and Petition upon Shelter. (Petition stamped by Insurance Commission- Exhibit 3). The Plaintiff's Petition stipulates the amount in controversy is in excess of $75,000 which exceeds the minimum jurisdictional limits for removal. (Ex. 3). Shelter is timely filing this Motion within 30 days of the date it was initially served with the Petition.

The Plaintiff is a citizen of and domiciled in Oklahoma. This case is being removed pursuant to 28 U.S.C.A. §1332 as there is no **properly** joined defendant who is a citizen of Oklahoma and the amount in controversy exceeds the sum of $75,000 exclusive of interest

and costs.  Although the Plaintiff has named one forum-state Defendant, insurance agent Wyman West (West), this non-diverse party's current presence in this suit does not defeat removal as West has been fraudulently joined in an attempt to defeat diversity jurisdiction and must be disregarded for purposes of diversity.  Defendant West is in agreement with this Removal and has indicated he will be filing a Motion to Dismiss the claims against him.  As a matter of law, Plaintiff has stated no valid claims against the forum state Defendant.

In support of this removal, Shelter shows this Court as follows:

1. Plaintiff is a citizen and resident of the State of Oklahoma and her domicile is in the State of Oklahoma. Plaintiff represented she was domiciled in Oklahoma when she purchased, and as she maintained, her Shelter Insurance Policy. (Insurance Policy Declarations Page- Exhibit 4).

2. Defendant Shelter is incorporated under the laws of the State of Missouri and has its principle place of business is Columbia, Missouri.

3. The Plaintiff alleges in her Petition that she has suffered damages in an amount in excess of $700,000 (Exhibit 3).

4. Shelter was formally served with this litigation on January 23, 2015; and is filing this Motion within 30 days of the date it was served with a copy of the Summons and Petition. (Exhibit 3).

5. Wyman West is a Shelter Insurance agent, in other words what is known as a "captive agent" who only sells Shelter Insurance. (Website page- Exhibit 5).

6. Defendant Wyman West, has been fraudulently joined by Plaintiff in order to

defeat diversity, such that he must be ignored for purposes of diversity and removal. *See, e.g.,* Smoot v. Chicago, R.I. & P.R. Co., 378 F.2d 879, 882 (10th Cir. 1967) ("The joinder of a resident defendant against whom no cause of action is stated is patent sham, and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists.") (internal citation omitted); Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1276 (N.D. Okla. 2006) (denying motion to remand on the basis of fraudulent joinder where the plaintiff's claims against non-diverse insurance agent were time-barred and otherwise without merit).

  The reason for the doctrine regarding fraudulent joinder is that a plaintiff who joins a non-diverse defendant with the sole purpose of defeating removal is acting unfairly toward the non-diverse defendant who should not be a party, and to the diverse defendant whose statutory right of removal is unjustly prohibited. Wilson v. Republic Iron & Steel, 257 U.S. 92 (1921). This doctrine has been recognized by the U.S. Supreme Court for over 90 years. Wilson, supra. If a resident defendant is joined, "the joinder although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal." Id.

  7. Upon allegations of fraudulent joinder "the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available". "The joinder of a resident defendant against whom no cause of action is stated is patent sham, and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists". Dodd v. Fawcett Publications, Inc., 329 F.2d 82 (10th Circ. 1964). Fraudulent joinder "does not reflect on the integrity of the plaintiff or counsel, but exists regardless of

the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant". <u>WolfCreek Nuclear Operating Corp. v. Framatome ANP, Inc.</u>, 416 F.Supp.2d 1081 (D.Kan.2006).

8. Plaintiff procured an automobile liability insurance policy from Shelter utilizing West as her Shelter agent. There is no contention that Plaintiff's automobile insurance liability policy was not in effect at the time of the accident or did not apply to the accident. There are no coverage issues or exclusions at play here. At the time of the accident, Plaintiff was insured under an Oklahoma policy of automobile liability insurance issued by Shelter, policy No. 35-1-7792711 which contained liability limits of $25,000 per person and $50,000 per accident. (Exhibit 4). (As this accident occurred in Texas, pursuant to the provisions of the policy the limits increased to the amount of the Texas minimum required liability limits of $30,000 per person and $60,000 per accident).

9. For her cause of action for negligence in the procurement of insurance against West, Plaintiff admits that an automobile liability insurance policy was in effect, but claims that West was negligent in breaching a duty of good faith in procuring the policy and to inform Plaintiff of all coverages, benefits limitations and exclusions in the coverage. Specifically, Plaintiff claims that the policy was negligently procured as it did not protect the Plaintiff from bodily injury liability as the policy had "woefully inadequate policy limits" and the agent should have advised her that she should obtain higher limits, and that it was negligently procured because **Shelter** subsequently allegedly breached its duty of good faith and failed to pay the applicable policy limits in what the Plaintiff contends was a timely

manner. (Notably, there were three personal injury claimants making claims on the $60,000 policy, and Shelter reasonably conducted an investigation to determine the extent of the injuries of each claimant before offering the $30,000 policy limits to Vincent Calderon less than 60 days after the accident). These are in no way valid claims under Oklahoma law.

Oklahoma law is clear that insurance agents "do not have a duty to advise their insureds with respect to their insurance needs", and a "request for adequate protection and the like" do not create such a duty.  Mueggenborg v. Ellis, 2002 OK CIV APP 88; 55 P.3d 542; Rotan v. Farmers Ins. Group of Companies, Inc., 2004 OK CIV APP 11; 83 P.3d 894; Cosper v. Farmers Ins. Co., 2013 OK CIV APP 78; 309 P.3d 147; Smith v. Allstate Vehicle and Property Ins. Co., 2014 WL 1382488 (W.D. OK. 2014)(a copy of which is attached hereto as Exhibit 6).  "Insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds, and the duty is not expanded by general requests for "full coverage" or "adequate protection".  Rotan, supra.  In Cosper, supra, the Court held that there is no duty upon an insurer to provide an "adequate amount" of coverage. Cosper, supra. In Smith, supra, the Court held that the removal was proper as the insurance agent was fraudulently joined as a party as there were no valid claims against him for a failure to provide adequate coverage or to "accurately inform Plaintiffs of all coverages benefits, limitations, risks and exclusions".  Plaintiff's claims against West clearly are not valid under Oklahoma law.

Further, an insurance agent, a stranger to an insurance contract, cannot be held to breach an implied covenant of fair dealing, or to be responsible for the insurer's alleged breach thereof. Timmons v Royal Globe Ins. Company 653 P.2d 907, 912 (Okla.1982). The

tort of bad faith is based on the insurer's alleged handling of the claim, not the conduct of an agent regarding the sale or issuance of the policy. <u>Hayes v. Jackson Nat'l Life Ins. Co.</u>, 105 F.3d 583 (10th Circ. 1997); <u>Claborn v. Wash Nat'l Ins. Co.</u>, 910 P.2d 1046 (Okla.1996). Again, Plaintiff has stated no viable claim against West.  As such, West's joinder must be deemed fraudulent and can not be utilized to defeat removal. The removal of this action is proper as there is diversity of citizenship between the appropriate parties.

10. Plaintiff further claims that West was responsible for the negligent underwriting of the policy because as an expert in the field of insurance he should have advised Plaintiff that she needed higher insurance liability limits.  Again, for the same reasons set out above, this is not a viable claim against West under Oklahoma law.  Insurance agents do not have a duty to advise their insureds with respect to their insurance needs. <u>Mueggenborg</u>, <u>Rotan</u>, and <u>Cosper</u>, supra.   Insurance agents need only offer coverage mandated by law. <u>Rotan</u>, supra.  There is no duty upon an insurer to provide an "adequate amount" of coverage. <u>Cosper</u>.  In <u>Smith</u>, supra, the Court held that the removal was proper as the insurance agent was fraudulently joined as a party as there were no valid claims against him for a failure to provide adequate coverage or to "accurately inform Plaintiffs of all coverages benefits, limitations, risks and exclusions". Again, Plaintiff has stated no viable claim against West.  As such, West's joinder must be deemed fraudulent and can not be utilized to defeat removal. The removal of this action is proper as there is diversity of citizenship between the appropriate parties.

11. Finally, Plaintiff claims that West breached a fiduciary duty to Plaintiff in having specialized knowledge in regard to the terms and conditions of insurance in general

and in not acting in a manner consistent in her interests, against presumably because she claims that West should have advised her that she would be wise to have higher liability limits. Oklahoma law is well settled that an insurance agent does not have a fiduciary relationship with its insured. Cosper, supra (holding plaintiff failed to state a claim against the agent for breach of fiduciary duty); Swickey v. Silvey Cos., 979 P.2d 266, 269 (Okla. Civ. App. 1999)("There are no Oklahoma cases holding that an insurance agent owes a fiduciary duty to a prospective insured, or to an established customer..."); Silver v. Slusher, 770 P.2d 878 (Okla.1988)(holding the relationship between the insured and insurer clearly is contractual in nature..."). Again, this states no valid claim under Oklahoma law. As stated above, Insurance agents do not have a duty to advise their insureds with respect to their insurance needs. Mueggenborg, Rotan, and Cosper, supra. Insurance agents need only offer coverage mandated by law. Rotan, supra. There is no duty upon an insurer to provide an "adequate amount" of coverage. Cosper. In Cosper, the Court expressly found that the Plaintiff could not state any claim for a breach of a fiduciary duty in this regard. Id. In Smith, supra, this Court held that the removal was proper as the insurance agent was fraudulently joined as a party as there were no valid claims against him for any brief of a fiduciary duty. (See Exhibit 6).

Again, Plaintiff has stated no viable claim against West. As such, West's joinder must be deemed fraudulent and can not be utilized to defeat removal. The removal of this action is proper as there is diversity of citizenship between the appropriate parties.

10. Pursuant to 28 U.S.C.A. §1446, Defendant will serve written notice of the filing of this Notice of Removal upon Plaintiff, and will file a copy of the Notice of Removal with

the Clerk of the District Court of Garfield County.

Based on the foregoing, the United States District Court for the Western District of Oklahoma has original jurisdiction of this matter under the diversity statute and Defendant is entitled to have this action removed to Federal court. Defendant requests that the Court dismiss all alleged claims against West. Dismissal is proper because Plaintiff has wrongfully joined non-viable claims against West in an attempt to defeat Defendant's right of removal. Defendant requests that this Court assume original jurisdiction of this action and proceed with it to completion.

                                                  Respectfully submitted,

                                                  *s/ R. Ryan Deligans*
                                                  R. Ryan Deligans, OBA
                                                  Bar Number:  19793
                                                  M. Glen Mullins, OBA
                                                  Bar Number: 6503
                                                  Andrew M. Gunn, OBA
                                                  Bar Number: 19470
                                                  Attorneys for Defendant
                                                  Durbin, Larimore & Bialick
                                                  920 North Harvey
                                                  Oklahoma City, OK 73102-2610
                                                  Telephone:  (405) 235-9584
                                                  Facsimile:  (405) 235-0551
                                                  E-Mail: dlb@dlb.net

## **CERTIFICATE OF SERVICE**

☒I hereby certify that on February 9, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

John L. Branum, Esq.
Branum Law Firm, PLLC
7701 S Wester Avenue, Suite 205
Oklahoma City, OK 73139
Telephone: (405) 235-4500
Facsimile: (405) 235-4507
Email:  john@branumlawfirm.com
Attorneys for Plaintiff

and

Jay M. Mitchel, Esq.
Mitchel Gaston Riffel 7 Riffel, PLLC
3517 W Owen K. Garriott Rd. # 1
Enid, OK 73703
Email: jmitchel@westoklaw.com
Attorneys for Plaintiff

Ronald L. Walker, Esq.
Tomlinson Rust McKinstry Grable
Two Leadership Square, Ste 450
211 N. Robinson Ave.
Oklahoma City, OK 73102
Telephone: (405) 606-3370
Facsimile: (877) 917-1559
Email: ronw@trmglaw.com

*s/ R. Ryan Deligans*
R. Ryan Deligans

#8312547v1<OKC> -noticeofremoval2 1413-0428