# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHANNA DABBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-148-D |
| ) | |
| SHELTER MUTUAL INSURANCE ) | |
| COMPANY a/k/a/ SHELTER ) | |
| MUTUAL INSURANCE CO. and ) | |
| WYMAN WEST, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the Court is Plaintiff Johanna Dabbs' ("Dabbs") Motion to Remand [Doc. No. 14]. Defendants Shelter Mutual Insurance Company ("Shelter") and Wyman West ("West") have filed their respective responses in opposition [Doc. Nos. 20 and 21]. The matter has been fully briefed and is at issue.

### **FACTUAL AND PROCEDURAL BACKGROUND**

Dabbs was insured under an automobile insurance policy (the Policy) issued by Shelter. Subsequent to purchasing the Policy, she was involved in an automobile accident in Harris County, Texas in which Vincent Calderon sustained serious bodily injuries. Calderon submitted a demand to Shelter to settle his claims. The matter went unresolved, however, resulting in Calderon filing a lawsuit against Dabbs. A jury awarded Calderon damages in the amount of $622,135.60. With the addition of

interest, the judgment against Dabbs totaled $707,133.10.

The present action alleges Shelter, *inter alia*, acted in bad faith in addressing Calderon's demand. Dabbs contends that due to Shelter's failure to adequately investigate and settle the claim, she sustained heavy financial losses and suffered mental and emotional distress. Dabbs also sued West, the Shelter agent who sold her the Policy, on the grounds that West failed to procure appropriate and adequate coverage. Dabbs seeks damages for the aforementioned judgment, mental and emotional distress, as well as an award of punitive damages.

According to the Petition, Dabbs and West are Oklahoma residents and Shelter is a Missouri corporation. However, Shelter removed to this Court, alleging Dabbs fraudulently joined West in an attempt to defeat diversity. Shelter contends that, under Oklahoma law, no viable cause of action exists against West for Dabbs' allegations and thus his inclusion in this suit must be ignored for purposes of diversity jurisdiction. West joins Shelter's Notice of Removal.

**STANDARD OF DECISION**

If a civil action filed in state court satisfies the requirements for original federal jurisdiction, a defendant may remove the action to federal court. *See* 28 U.S.C. § 1441(a); *Huffman v. Saul Holdings LP*, 194 F.3d 1072, 1076 (10th Cir. 1999). Federal district courts have original jurisdiction of civil actions where complete diversity of

citizenship and an amount in controversy in excess of $75,000 (exclusive of interest and costs) exist. *See* 28 U.S.C. § 1332; *Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). In addition to the requirements of original jurisdiction, 28 U.S.C. § 1441(b)(2) sets forth the "forum-defendant rule," which provides a case may not be removed on the basis of diversity if any defendant is a citizen of the state in which the state-court action was brought. *See id.*; *Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013) (unpublished); *Red Cloud Assets, LLC v. Harris Aviation, LLC*, No. CIV–11–282–D, 2011 WL 1871166, at *3 (W.D. Okla. May 16, 2011).

However, a defendant may remove a case based upon diversity jurisdiction–even in the absence of complete diversity–if a plaintiff joins a nondiverse party fraudulently to defeat federal jurisdiction. *Red Cloud Assets*, 2011 WL 1871166, at *3 ("Of course, the presence of a resident defendant prevents removal only if this defendant is 'properly joined,' and it is well established that the fraudulent joinder of a resident defendant does not prevent removal.") (citing *Updike v. West*, 172 F.2d 663, 665 (10th Cir. 1949)). " '[A] fraudulent joinder analysis [is] a jurisdictional inquiry.' " *Cannon v. Fortis Ins. Co.*, No. CIV-07-1145-F, 2007 WL 4246000, at *3 (W.D. Okla. Nov. 29, 2007) (quoting *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1247 (10th Cir. 2004)). Thus, "upon specific allegations of fraudulent joinder

the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (quoting *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)).

Despite its harsh moniker, "[f]raudulent joinder is a term of art, it does not reflect on the integrity of plaintiff or counsel, but rather exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant." *Cooper v. Zimmer Holdings, Inc.*, 320 F. Supp. 2d 1154, 1157 (D. Kan. 2004) (citation omitted); *see also Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1257 (D.N.M. 2014) (opting to use the term "procedural misjoinder," rather than "fraudulent misjoinder," because of the confusion that the word "fraudulent" has caused in the fraudulent joinder context).

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Hernandez*, 73 F. Supp. 3d at 1336 (quoting *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013)). The defendant must show there is *no possibility* that the plaintiff would be able to establish a cause of action against the nondiverse party. *See id.* (citing *Montano v. Allstate Indem.*, No. 99–2225, 2000 WL 525592, *1–2 (10th Cir. April 14, 2000) (unpublished)); *Brazell*, 525 F. App'x at 881 ("the removing party

4

must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.") (citations omitted). Consequently, the fraudulent joinder standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Montano*, 2000 WL 525592, at *2; *Johnson v. American Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015). Remand is required if any one of the claims against the non-diverse defendant is possibly viable. *Montano*, 2000 WL 525592, at *2.

The non-liability of the nondiverse party must be established with "complete certainty." *Hernandez*, 73 F. Supp. 3d at 1336 (quoting *Smoot*, 378 F.2d at 882); *Mitchell v. Ford Motor Co.*, No. CIV-05–379-F, 2005 WL 1657069, at * 3 (W.D. Okla. July 5, 2005) (a removing defendant who pleads fraudulent joinder must support his claim with clear and convincing evidence) (citing *Hart v. Wendling*, 505 F.Supp. 52, 53 (W.D. Okla. 1980)). Although the court may consider evidence outside the pleadings, "it is not proper for the court to pre-try issues of liability on a motion to remand." *Id.*

**DISCUSSION**

A review of the Petition indicates that Dabbs asserts three causes of action against West: (1) Negligence in the Procurement of Insurance (Third Cause of Action), (2) Negligent Underwriting (Fourth Cause of Action), and (3) Breach of

Fiduciary Duty (Fifth Cause of Action). In sum, the factual basis for these claims is that West failed to exercise reasonable care, skill, and diligence in obtaining adequate insurance coverage; West failed to establish an accurate and consistent methodology for calculating the amount of liability coverage that was necessary and reasonable; and a fiduciary relationship existed between West (as insurance agent) and Dabbs (the insured), which required West to act reasonably given the specialized knowledge he possessed regarding the terms and conditions of insurance policies.

Shelter's Notice of Removal asserts Dabbs cannot possibly establish a cause of action against West for three reasons: (1) insurance agents do not have a duty to advise their insureds with respect to insurance needs and there is no duty for an insurer to provide an "adequate amount" of coverage, (2) an insurance agent, as a stranger to the insurance contract, cannot be held liable for breach of either the implied covenant of good faith and fair dealing or the contract,[1] and (3) an insurance agent does not have a recognized fiduciary relationship with an insured. West concurs with Shelter's Notice and also claims he has been fraudulently joined because an agent (West) is not liable for the actions of the disclosed principal (Shelter) and Dabbs' claims are barred by the applicable statute of limitations.

---

[1]The Court does not construe the Petition as asserting a bad faith claim against West.

**I. NEGLIGENCE IN THE PROCUREMENT OF INSURANCE AND NEGLIGENT UNDERWRITING**

Dabbs' allegations against West for negligent procurement of insurance state:

> Defendant West owed Plaintiff a duty to act in good faith and to exercise reasonable care, skill and diligence in the procurement of insurance for the Plaintiff. West had a duty to inform Plaintiff of all coverages, benefits, limitations, and exclusions in the coverage procured. Defendant West breached his duty owed to Plaintiff and is liable to Plaintiff because through the fault of Defendant West, the insurance requested by Plaintiff did not perform as promised, did not protect the Plaintiff, and Plaintiff suffered a terrible loss as a result. Defendant West breached his duty owed to Plaintiff by:
>
> a. Procuring an insurance policy which did not serve to actually pay the applicable policy limits when placed on a reasonable demand that they be paid out in order to protect Plaintiff from financial catastrophe;
>
> b. Procuring a[] policy which did not serve to protect the Plaintiff from bodily injury legal liability;
>
> c. Procuring a policy which was written by Shelter, a company that breached the duty of good faith and fair dealing in the manner set forth herein and more fully described above; [and]
>
> d. Procuring a policy of insurance with woefully inadequate policy limits[.]

Petition, ¶¶ 48-51. Dabbs' negligent underwriting claim contends West (and Shelter) failed to use reasonable care, skill, and expertise in conducting an underwriting analysis to ensure the insurance policy provided appropriate and adequate liability

coverage. *Id.* ¶ 51. She alleges West's failure resulted in her being unnecessarily subjected to excess liability exposure and financial ruin. *Id.* ¶ 59.

In *Swickey v. Silvey Cos.*, 1999 OK CIV APP 48, ¶ 13, 979 P.2d 266, 269 the Oklahoma Court of Civil Appeals held that "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Id.* However, the court "*decline[d]* to extend *Swickey* and impose a duty upon an insurer to provide an 'adequate amount' of coverage," when the insurer and its agent "did not fail to procure insurance for Plaintiffs." *Cosper v. Farmers Ins. Co.*, 2013 OK CIV APP 78, ¶ 9, 309 P.3d 147, 149 (emphasis added). In *Cosper*, the court noted that the plaintiffs there "did not allege that they requested a specific coverage limit and Defendants disregarded the request and issued a policy in some other amount." *Id.* The court also determined that "'[i]nsurance companies and their agents do not have a duty to advise an insured with respect to his insurance needs.' " *Id.* (citing *Rotan v. Farmers Ins. Group of Companies*, 2004 OK CIV APP 11, ¶ 2, 83 P.3d 894, 895; *Mueggenborg v. Ellis*, 2002 OK CIV APP 88, ¶ 6, 55 P.3d 452, 453).

In light of these clear pronouncements of Oklahoma law, the Court finds the allegations of the Petition fail to support either a negligent procurement or negligent

8

underwriting claim against West. Dabbs' Petition acknowledges that coverage was procured; she does not allege that the amount of coverage was not what she had requested. Thus, her attempt to hold West liable for his conduct in conjunction with the procurement of the Policy fails as a matter of law. *Smith v. Allstate Vehicle and Property Ins. Co.*, No. CIV–14–0018–HE, 2014 WL 1382488, at *2 (W.D. Okla. Apr. 8, 2014). Dabbs embellishes the phrase "procured as promised" from *Swickey* as supportive of her claim, but this is unavailing. Both *Swickey*, *Cosper*, and their progeny clearly provide that an action for negligent procurement of insurance shall lie where an agent *fails to procure* an insurance policy requested by an insured; to date, the Oklahoma appellate courts have declined to attach liability to an allegation that the agent failed to procure an "adequate" policy. Since Dabbs' negligent underwriting claim rests on essentially the same factual allegations, the Court finds this claim is also without proper legal support.

Accordingly, Dabbs cannot assert a claim for negligence procurement or underwriting against West under the theories asserted.

## II. BREACH OF FIDUCIARY DUTY

Dabbs' breach of fiduciary claim, as it relates to West, specifically asserts:

A fiduciary relationship existed between Plaintiff and Defendant West. The overmastering influence of Defendant West over Plaintiff, and Plaintiff's dependency and trust in her insurance agent, Defendant West, which was justifiable, and Defendant West's assurance he could procure the insurance policy Plaintiff requested, creates a fiduciary status with respect to Defendant West as it relates to Plaintiff. Defendant West's duty to act reasonably given the specialized knowledge he possessed of the terms and conditions of insurance policies created such a special relationship as to make Defendant West a fiduciary.

Petition, ¶ 68. In *Cosper*, the Court of Civil Appeals recognized " '[t]here are no Oklahoma cases holding that an insurance agent owes a fiduciary duty to a prospective insured, or to an established customer with respect to procurement of an additional policy.' " *Cosper*, 309 P.3d at 150 (quoting *Swickey*, 979 P.2d at 269).

Courts in this district, as well as in the Northern and Eastern Districts, are in accord. *See Siddique v. Western Heritage Ins. Co.*, No. CIV–14–456–SPS, 2015 WL 2451734, at *2 (E.D. Okla. May 21, 2015); *Western Medical Park Owners v. U.S. Liability Ins. Group*, No. CIV–14–1266–C, 2014 WL 6674305, at *1 (W.D. Okla. Nov. 24, 2014); *Sab One, Inc. v. Travelers Indem. Co. of Conn.*, No. CIV–14–1094–C, 2014 WL 6603419, at *2 (W.D. Nov. 19, 2014); *Smith v. Allstate Vehicle and Property Ins. Co.*, No. CIV–14–0018–HE, 2014 WL 1382488, at *4 (W.D. Okla. Apr. 8, 2014) ("Plaintiffs' breach of fiduciary duty claim also fails, as the

10

Oklahoma courts have not imposed a fiduciary duty on an insurance agent 'to a prospective insured, or to an established customer with respect to procurement of an additional policy' ") (citing *Swickey*, 979 P .2d at 269; *Cosper*, 309 P.3d at 150); *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1280 (N.D. Okla. 2006).

Likewise, in light of these clear pronouncements of Oklahoma law, the Court finds that, under the facts alleged in the Petition, Oklahoma would not recognize a claim for breach of fiduciary duty against West.

## CONCLUSION

Plaintiff's Motion to Remand [Doc. No. 14] is **DENIED**. The Court finds that Shelter's allegation of fraudulent joinder has merit and West should be disregarded as a defendant to this action. As a result, there is complete diversity of citizenship between the parties and subject matter jurisdiction exists. Dabbs' action against West will be dismissed without prejudice.[2]

---

[2] Based on the foregoing analysis, the Court declines to address the additional grounds asserted by West in support of removal and in support of his Motion to Dismiss under Rule 12(b)(6) [Doc. No. 9]. If a defendant is fraudulently joined and is disregarded as a party, the Court has no jurisdiction to resolve the merits of claims against him, and he must be dismissed without prejudice. *See Albert v. Smith's Food & Drug Centers, Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1217–18 (10th Cir. 2006) (if district court lacks jurisdiction, it is incapable of reaching a disposition on the merits, and dismissal must be without prejudice).

IT IS SO ORDERED this  30th  day of September, 2015.

*[signature]*

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE