# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHANNA DABBS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | Case No. CIV-15-00148-D |
| | ) | |
| SHELTER MUTUAL INSURANCE | ) | |
| COMPANY aka SHELTER MUTUAL | ) | |
| INSURANCE CO., | ) | |
| *Defendant*. | ) | |

## ORDER

Before the Court is a Motion to Strike Affidavit of Joseph Gourrier [Doc. No. 101] filed by Shelter Mutual Insurance Company (the "Defendant"). Johanna Dabbs (the "Plaintiff") has filed her Response [Doc. No. 110] to which Defendant has replied [Doc. No. 111].

## BACKGROUND

Plaintiff was insured under an automobile insurance policy ("Policy") issued by Defendant. Motion at 5. After purchasing the Policy, Plaintiff was involved in an automobile accident in Harris County, Texas. *Id*. The accident happened because Plaintiff ran a red light. *Id*. Plaintiff's car then struck two other vehicles, injuring three people. *Id.* at 13. After failing to reach a settlement agreement with Defendant, one of the three injured parties sued Plaintiff. Plaintiff, in turn, had sued Defendant on breach of contract and bad faith claims, *iter alia*.

Defendant filed a Motion for Summary Judgment [Doc. No. 92] arguing it is entitled to judgement on all of Plaintiff's claims as there is no genuine dispute as to any

material fact. Motion for Summary Judgment, Doc. No.928, at 1. Plaintiffs responded and, as part of their Response, included the exhibit at issue. Doc. No. 99, Ex-1. Defendant subsequently filed this Motion to Strike Affidavit of Joseph Gourrier. Doc. No. 101.

## STANDARD OF DECISION

The language and corresponding advisory committee notes of Fed. R. Civ. P. 56 (c)(2) explain that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56 (c)(2). Congress amended Rule 56 in 2010 to include this language. Before this amendment, parties properly challenged evidence used in a summary judgment motion by filing a motion to strike. *See* Rule 56, advisory committee's note (2010) ("There is no need to file a separate motion to strike."). "The plain meaning of these provisions show[s] that objecting to the admissibility of evidence supporting a summary judgment motion is now a part of summary judgment procedure, rather than a separate motion to be handled preliminarily." *Campbell v. Shinseki*, 546 F. App'x 874, 879 (11th Cir. 2013); *Cutting Underwater Techns. USA, Inc. v. Eni U.S. Operating Co.,* 671 F.3d 512, 515 (5th Cir.2012) ("[I]t is no longer necessary for a party to file such a motion; instead, a party may simply object to the material.").

## DISCUSSION

In keeping with the 2010 changes to Rule56(c)(2), the Court will consider Defendant's Motion to Strike Affidavit of Joseph Gourrier as an objection to the

admissibility of Exhibit 1.  This Motion and all related filings will be addressed as such in the Court's forthcoming Order ruling on Defendant's Motion for Summary Judgment [Doc. No. 92].

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Affidavit of Joseph Gourrier is **DENIED**.

**IT IS SO ORDERED** this 27th day of September 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge